IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY JAY HAWKINS, | No. CIV S-96-1155-FCD-CMK |
| Petitioner, | DEATH PENALTY CASE |
| vs. | <u>ORDER</u> |
| ROBERT WONG,[1] Acting Warden, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding with appointed counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for an extension of time (Doc. 203).

On November 2, 2004, the court, among other things, ordered as follows:

> The parties shall complete development of the factual record necessary to decide the remaining claims by June 17, 2005. By that deadline the parties shall have completed their factual investigations and marshaled all relevant documents and things, shall have identified their witnesses to the opponent and exchanged the expert witness reports required by Fed. R. Civ. P. 26(a)(2)(B), shall have requested subpoenas

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Robert Wong is substituted for his predecessor. The Clerk of the Court is directed to update the docket to reflect the above caption.

       and shall have obtained leave of court to invoke the process of discovery and shall have moved to expand the record to include all or any part of these things such that the motion, and any opposition based upon 28 U.S.C. § 2254(e)(2) or otherwise, may have been considered and decided by the June 17, 2005, deadline.

Pursuant to an extension of time granted on April 25, 2006, the deadline described above is currently June 20, 2006. Petitioner now seeks a further extension of this deadline to August 20, 2006. Good cause appearing therefor, the request will be granted.

       The court notes that this is petitioner's sixth request for an extension. Petitioner's motions suggest that an extension is required, in part, because pending cross-motions for summary judgment have not been decided. The parties are advised that this is not an acceptable reason for an extension. In the November 2, 2004, order, the court found that Claims C-I, K-Q, T-DD, and FF-HH were amenable to summary judgment on the existing record, and directed the parties to file cross-motions on these claims. The court also directed the parties to complete factual development and file a motion for evidentiary hearing as to the remaining claims. Therefore, the court's resolution of the claims which have been briefed is not relevant to completion of factual development of the remaining claims. To the extent any of the claims which have been briefed are not denied as a matter of law, the court will provide the parties an opportunity for factual development of such claims. In the meantime, this case can proceed forward with factual development of those claims which have not been addressed in the parties' briefs.

       Petitioner also indicates that he has submitted a budget request for Phase IV of this case, and suggests that an extension is also justified because that request has not been resolved. Again, this is not an adequate justification. First, this case is not yet in Phase IV (evidentiary hearing and final briefing). The case is in Phase III (merits briefing, fact development, motion for evidentiary hearing), and a budget for this phase has been approved. The November 2, 2004, order contemplates Phase III activities by requiring briefing on the merits of various claims and fact development in anticipation of a motion for evidentiary

hearing. These activities do not require approval of a Phase IV budget. Second, while petitioner states that he submitted a Phase IV budget request on November 14, 2005, no such document appears on the court's docket or in the court's sealed file. It appears that petitioner's Phase IV budget request was informally submitted pursuant to procedures adopted by the previously assigned judge. Closer to the completion of Phase III, the court will set a case management conference to discuss Phase IV, at which time petitioner will be directed to formally re-submit a Phase IV budget proposal. In the meantime, the resolution of a Phase IV budget request is not relevant to completion of Phase III.

In light of the foregoing, further extensions of time based on these reasons will not be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an extension of time is granted; and

2. The deadline for the parties to comply with the portion of the court's November 2, 2004, order set forth above is extended to August 20, 2006.

DATED: June 20, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE