IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

JEFFREY JAY HAWKINS,

        Petitioner,

  vs.

KEVIN CHAPPELL, Warden at San Quentin State Prison,

Respondent.
_____/

No. 2:96-cv-01155-TLN-EFB

CAPITAL CASE

ORDER

        This matter is before the Court on Respondent's Motion for Reconsideration. (ECF No. 243.)  For the reasons set forth below, Respondent's Motion for Reconsideration is DENIED.

    I.    <u>BACKGROUND</u>

        Petitioner, Jeffrey Jay Hawkins, a state prisoner on California's Death Row, proceeding through counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 19, 2006, Petitioner filed a motion for evidentiary hearing.  (ECF No. 216.)  On September 2, 2010, the magistrate judge filed findings and recommendations granting an evidentiary hearing as to Claims A, B, R, S, and the ineffective assistance sub-claims of Claim W.  (ECF No. 222.)  Thereafter, both parties filed objections to the findings

1  and recommendations.  (ECF No. 226−227.)  Petitioner filed a reply to Respondent's
2  objections. (ECF No. 233.)  Upon the order of the magistrate judge, both parties filed
3  supplemental briefing on the impact of *Cullen v. Pinholster*, __ U.S. __, 131 S.Ct. 1388 (2011)
4  (hereafter "*Pinholster*").  (ECF Nos. 335−336.)
5        On July 8, 2013, this Court issued an order adopting the magistrate judge's
6  findings and recommendations in full, including granting Petitioner's motion for evidentiary
7  hearing as to Claims A, B, R, S, and the ineffective assistance of counsel sub-claims of Claim
8  W.  (ECF No. 240.)  On July 16, 2013, Respondent filed a motion for reconsideration
9  contending that this Court committed clear error in granting Petitioner's request for an
10 evidentiary hearing for claims A, B, R, S and the ineffective assistance of counsel sub-claims of
11 Claim W.  (ECF No. 243.)
12    II.    STANDARD
13       Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a
14 petitioner is not entitled to federal habeas relief for any claim decided on the merits in state
15 court proceedings unless he can demonstrate that the state court's adjudication of a claim: (1)
16 "resulted in a decision that was contrary to, or involved unreasonable application of, clearly
17 established Federal Law, as determined by the Supreme Court of the United States," or (2) was
18 "based on an unreasonable determination of the facts in light of the evidence presented in the
19 State Court proceeding."  28 U.S.C. § 2254(d).  In determining whether state courts have run
20 afoul of § 2254(d), a federal court looks to the last reasoned state court decision.  *Avila v.*
21 *Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).
22       Under § 2254(d)(1), a state court decision is "contrary to" clearly established
23 United States Supreme Court precedents "if it applies a rule that contradicts the governing law
24 set forth in [Supreme Court] cases, or if it confronts a set of facts that are materially
25 indistinguishable from a decision" of the Supreme Court and nevertheless arrives at a different
26 result.  *Early v. Packer*, 537 U.S. 3, 8 (2002).  Under the "unreasonable application" clause of §
27 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct
28 governing legal principle from the Supreme Court's decisions, but unreasonably applies that

1  principle to the facts of the prisoner's case.  *Williams v. Taylor*, 529 U.S. 362, 405−06 (2000).
2  A federal habeas court "may not issue the writ simply because that court concludes in its
3  independent judgment that the relevant state-court decision applied clearly established federal
4  law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.* at 411.

5  Likewise, in considering whether a state court's decision was unreasonable
6  under § 2254(d)(2), a federal court "cannot find that the state court made an unreasonable
7  determination of the facts in [a] case simply because [it] would reverse in similar circumstances
8  if this case came before [it] on direct appeal."  *Hurles v. Ryan*, 706 F.3d 1021, 1030 (9th Cir.
9  2013) (citing *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004)).  Thus, for a petition to be
10 granted, a federal court must conclude that when applying the normal standards of appellate
11 review, a court could not reasonably conclude that the state court finding is supported by the
12 record before it.  *Id.*  "Ordinarily, we cloak the state court's factual findings in a presumption of
13 correctness.  28 U.S.C. § 2254(e)(1).  However, we afford such deference only if the state
14 court's fact-finding process survives our intrinsic review pursuant to AEDPA's 'unreasonable
15 determination' clause."  *Hurles*, 706 F.3d at 1038 (citing *Taylor*, 366 F.3d at 1000)).  "To find
16 the state court's fact finding process defective in a material way, or, perhaps, completely
17 lacking, 'we must more than merely doubt whether the process operated properly.  Rather, we
18 must be satisfied that any appellate court to whom the defect is pointed out would be
19 unreasonable in holding that the state court's fact-finding process was adequate.'"  *Id.* at 1030
20 (quoting *Taylor*, 366 F.3d at 1000).

21 Pursuant to the Supreme Court's decision in *Pinholster*, for a petitioner to be
22 granted an evidentiary hearing, the court must first conclude that the state-court decision was
23 either an "unreasonable application" of federal law under § 2254(d)(1) or an "unreasonable
24 determination" of the facts under § 2254(d)(2).  *Pinholster*, 131 S.Ct. at 1401−02; *see also*
25 *Gulbrandson v. Ryan*, 711 F.3d 1026, 1042 n.5 (9th Cir. 2013) (finding that the Supreme
26 Court's holding in *Pinholster*, which was limited to § 2254(d)(1) also applies to decisions made
27 under § 2254(d)(2)).  Further, in determining whether a state court decision is unreasonable
28 under § 2254(d)(1) or (d)(2), the court's review is restricted to the record before the state court.

3

*Pinholster*, 131 S.Ct. at 1401; *Gulbrandson*, 711 F.3d at 1042 n.5.  Analysis under § 2254(d) is required even where the state court has summarily denied the claim.  *Pinholster*, 131 S.Ct. at 1402.

III.     ANALYSIS

Respondent contends that this Court erred in granting Petitioner's motion because the magistrate judge did not make a finding under § 2254(d), and the state court's decision should thus be afforded deference.  (ECF No. 243 at 2.)  This contention is a clear misrepresentation of the Court's Order.  The Order signed by this Court discussed that a hearing may not be granted unless this Court finds that the state court's adjudication of the claims "was contrary to, or an unreasonable application of clearly established federal law and thus not entitled to deference under § 2254(d)(1), or that the state court unreasonably determined the facts and thus deference is not mandated pursuant to § 2254(d)(2)."  (Order, ECF No. 240 at 3 (citing *Pinholster*).)  In determining that each of these claims required an evidentiary hearing, the magistrate judge determined, and this Court affirmed, that the state court's decision was an unreasonable determination of the facts under § 2254(d)(2).  (*See* ECF No. 240 (quoting ECF No. 222 at 111−12 ("In determining the propriety of an evidentiary hearing, the magistrate judge expressly noted that 'a federal court may not grant an evidentiary hearing without first determining whether the state court's decision was an unreasonable determination of the facts.'")).)

Furthermore, to the extent that Respondent argues that *Pinholster* bars this Court from granting Petitioner's request for an evidentiary hearing, it is mistaken.  In *Pinholster*, the Supreme Court held that a court is restricted from using evidence that was not before the state court in determining whether the Petitioner has met his or her burden of showing that the state court's decision was unreasonable pursuant to § 2254(d)(1).  *Pinholster*, 131 S.Ct. at 1401.  In contrast, this Court's decision is pursuant to § 2254(d)(2), and is based on the record that was before the state court.  Moreover, the Ninth Circuit has held that where a state court makes factual findings without an evidentiary hearing or other opportunity for the petitioner to present

4

evidence, the fact-finding process on those issues is unreasonable and thus satisfies the standard set forth in § 2254(d).  *See Hurles,* 706 F.3d at 1038–1039.

Respondent contends that this Court must show deference to the state court's fact-finding; however, this contention runs afoul of Ninth Circuit precedent:  "We have held repeatedly that where a state court makes factual findings without an evidentiary hearing or other opportunity for the petitioner to present evidence, 'the fact-finding process itself is deficient' and not entitled to deference." *Id.* at 1038 (quoting *Taylor*, 366 F.3d at 1001 ("If, for example, a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in an unreasonable determination of the facts.") (internal quotation marks omitted)); *see also Perez v. Rosario*, 459 F.3d 943, 950 (9th Cir. 2006) (amended) ("In many circumstances, a state court's determination of the facts without an evidentiary hearing creates a presumption of unreasonableness."); *Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th Cir. 2005) ("where the petitioner establishes a colorable claim for relief and has never been afforded a state or federal hearing on this claim, we must remand to the district court for an evidentiary hearing."); *Nunes v. Mueller*, 350 F.3d 1045, 1055 (9th Cir. 2003) ("But with the state court having refused [the petitioner] an evidentiary hearing, we need not of course defer to the state court's factual findings—if that is indeed how those stated findings should be characterized—when they were made without such a hearing."); *Weaver v. Thompson*, 197 F.3d 359, 363 (9th Cir. 1999) (according no deference where written statements by the trial judge to defense counsel "were not subject to any of the usual judicial procedures designed to ensure accuracy").  Thus, because the state court's fact-finding process was found to be unreasonable, the state court's decision is not afforded deference under AEDPA.

As explained above, this Court is cognizant of the Supreme Court's holding in *Pinholster* and the deference normally afforded to state court decisions under AEDPA and finds that its Order complied with both *Pinholster* and the applicable Ninth Circuit precedent. *See Hurles*, 706 F.3d at 1038–1039; *Earp*, 431 F.3d at 1166−67; *Taylor*, 366 F.3d at 1001.

Respondent's motion fails to address the Ninth Circuit decisions relied on by the Court. As such, the Court finds Respondent's motion to be uninformed and unpersuasive.

IV. <u>CONCLUSION</u>

For the foregoing reasons, Respondent's Motion for Reconsideration (ECF No. 243) is hereby DENIED.

IT IS SO ORDERED.

DATED: August 6, 2013

_____
Troy L. Nunley
United States District Judge