UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY JAY HAWKINS,<br><br>    Petitioner,<br><br>v.<br><br>RON DAVIS,<br><br>    Respondent. | No. 2:96-cv-1155-TLN-EFB DP<br><br>**DEATH PENALTY CASE**<br><br>ORDER |

Petitioner is a California death row inmate proceeding with counsel in this petition for writ of habeas corpus under 28 U.S.C. § 2254. The case has proceeded through cross-motions for summary judgment, and the court has ordered an evidentiary hearing on five issues. ECF Nos. 222, 240. Petitioner asks the court to schedule the hearing and to bifurcate it into two phases: one phase to hear the sole guilt-phase claim and a second hearing, if necessary, to hear the four sentencing-phase claims. ECF Nos. 262, 263. Respondent opposes bifurcation. ECF No. 264.

**I.    Motion to Bifurcate**

Petitioner seeks a separate hearing of Claim A, in which he alleges that trial counsel William Lyons provided ineffective assistance of counsel during the guilt phase of the trial because he was concurrently representing Carmen Greenfield in several civil matters. Greenfield was a potential alternative suspect in one of the murder cases, but, according to petitioner, Lyons did not present her as such out of loyalty to her and/or to guard his financial interest in her civil

1

cases. Petitioner argues that bifurcation is warranted because resolution of Claim A in his favor would require a new trial and thus obviate the need to hear the remaining penalty-phase issues.

Federal Rule of Civil Procedure 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." *See* Rules Governing § 2254 Cases in the U.S. District Courts, Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). The rule provides "broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potential dispositive preliminary issues." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Respondent opposes bifurcation. He argues that all claims set for hearing allege ineffective assistance of counsel and will likely all require the testimony of trial counsel, defense investigators, and the prosecutor. Bifurcation would require these witnesses to appear at both hearings. Respondent also urges the court not to bifurcate the hearing because doing so would delay the resolution of the case even further.

In reply, petitioner suggests that the court order bifurcation but take testimony from the attorneys and defense investigators on all the claims at the first hearing so that these witnesses would not have to appear twice and their testimony would be preserved.

In their responses to the court's order requesting estimates of how long the evidentiary hearing will last with bifurcation and without bifurcation, the parties have provided wildly differing projections.

As to Claim A only, petitioner anticipates a 7-day hearing in which he would call 25 witnesses. Petitioner anticipates that a unitary hearing would take 17 days and include the additional testimony of 9 experts and 20 lay witnesses.

Respondent, on the other hand, anticipates that Claim A will take no more than a single day to hear. A unitary hearing, in respondent's estimation, will take three days. Respondent anticipates calling no more than 7 witnesses.

On the information provided by the parties at this time, the court is unable to conclude that bifurcation will abbreviate the hearing rather than enlarge it. Accordingly, the court will deny the motion for bifurcation without prejudice.

**II.     Motion to Schedule Evidentiary Hearing**

As stated at the June 19, 2019 status hearing, the motion to schedule an evidentiary hearing is granted. The hearing date and preceding discovery schedule are set forth in the order, below.

**III.    Order**

For the foregoing reasons, it is hereby ORDERED that:

1. Petitioner's April 10, 2019 motion to bifurcate the evidentiary hearing (ECF No. 262) is DENIED without prejudice;
2. Petitioner's April 10, 2019 motion to schedule the evidentiary hearing (ECF No. 263) is GRANTED, and the evidentiary hearing shall proceed on September 21, 2020, at 9:30 a.m. in Courtroom No. 8 before the undersigned;
3. The parties shall pursue discovery consistent with Rule 6 of the Rules Governing § 2254 Cases in the U.S. District Courts, the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of California, and this order;
4. All discovery must be completed by June 22, 2020. Any discovery motions must be filed by that date;
5. The parties shall submit a joint statement on or before July 23, 2020 setting forth:
    a. Anticipated witnesses to testify at the hearing;
    b. Testimony to be submitted in deposition transcripts rather than live testimony;
    c. A statement of undisputed and disputed facts;
    d. Anticipated exhibits to be introduced at the hearing.

/////
/////
/////
/////

6. A further status conference is set for August 12, 2020 at 10:00 a.m. in Courtroom No. 8 before the undersigned.

DATED: June 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE