HEATHER E. WILLIAMS, State Bar No. 122664
Federal Defender
DAVID HARSHAW, KY State Bar No. 86435
Assistant Federal Defender
KARL SADDLEMIRE, State Bar No. 275856
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-6666
Fax: (916) 498-6656
E-mail: David_Harshaw@fd.org
*Attorneys for Petitioner*

XAVIER BECERRA, State Bar No. 118517
Attorney General of California
SEAN M. MCCOY, State Bar No. 182516
Deputy Attorney General
PETER H. SMITH, State Bar No. 138957
Deputy Attorney General
DARREN K. INDERMILL, State Bar No. 252122
Supervising Deputy Attorney General
ROSS K. NAUGHTON, State Bar No. 254926
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7680
Fax: (916) 324-2960
E-mail: Peter.Smith@doj.ca.gov
*Attorneys for Respondent*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY JAY HAWKINS,<br><br>Petitioner,<br><br>v.<br><br>RON DAVIS, Warden of the California State Prison at San Quentin,<br><br>Respondent. | No. 2:96-cv-1155-TLN-EFB<br><br>**DEATH PENALTY CASE**<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER** |

Petitioner Jeffrey Jay Hawkins and Respondent Warden Ron Davis recognize that pursuit of the ineffective assistance of counsel, conflict of interest, and duty of loyalty claims by Petitioner during the evidentiary hearing in this federal habeas action will intrude upon matters protected by the attorney-client and attorney work product privileges. The parties agree that pursuant to *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 1013 (2003), Petitioner has waived his attorney-client and work product privileges only to the extent necessary to litigate his claims of ineffective assistance of counsel, conflict of interest, and duty of loyalty in these federal habeas proceedings. A protective order will prevent the unauthorized use and disclosure of confidential materials.

The parties agree to the issuance of the following protective order. *See Bittaker*, 331 F.3d at 717 n.1; *see also Lambright v. Ryan*, 698 F.3d 808 (9th Cir. 2012).

Accordingly, IT IS HEREBY ORDERED that:

For purposes of the evidentiary hearing and preparation for the evidentiary hearing in this federal habeas action, all of trial counsel's files and/or billing records, including the files of any investigators or experts retained by trial counsel, shall be deemed to be confidential. These documents and materials (hereinafter "documents") may be used only for purposes of litigating these habeas corpus proceedings, including any appeals.

These documents disclosed to Respondent's counsel from trial counsels' files and/or billing records may be used only by representatives from the Office of the California Attorney General and any expert retained by the Attorney General's Office in this federal habeas proceeding. If a representative of the Attorney General's Office provides the confidential materials to an expert as authorized above, the Attorney General's Office shall inform the expert of this protective order and the expert's obligation to keep the documents confidential.

Accordingly, all legal teams and all persons retained or consulted by the parties to litigate this matter may not use or disclose the existence or contents of any trial counsel file and/or billing record outside the context of these habeas proceedings, including any appeals. Nor may such persons publicly disclose the existence or contents of any such documents during this habeas corpus proceeding.

Disclosure of the contents of the documents and the documents themselves may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this Court. However, the terms of this order do not prohibit representatives of the Attorney General's Office from disclosing or discussing items within the confidential materials with Petitioner's trial counsel or anyone on the trial team who worked on behalf of trial counsel (e.g., defense paralegals/assistants and defense investigators). Nor does this order prohibit representatives of the Attorney General's Office from disclosing and discussing with witnesses their own statements or observations that were recorded or summarized in any reports contained in trial counsel's files.

This order also applies to any statements and/or testimony of Petitioner, Petitioner's trial counsel, and Petitioner's experts or investigators concerning the contents of the confidential documents or statements and/or testimony involving protected information not related to any confidential documents that necessarily must be revealed to or by either party in this litigation. Whether in pleadings, at a deposition, at the evidentiary hearing, or on appeal, any revelations of confidential material are not deemed a waiver of Petitioner's attorney/client privilege and work product privilege for any purpose other than the litigation of this habeas proceeding.

Because the attorney-client and work product privileges have been waived only to the extent necessary to litigate this proceeding, *see Bittaker* at 720, any pleading, deposition transcript, reporter's transcript, discovery response or request, or other papers served on opposing counsel or filed or lodged with any court that contains or reveals the existence of substantive content of confidential matter shall be submitted to the court with an appropriate motion to file them under seal. If the motion is granted, the filing shall be under seal and shall begin with a separate caption that includes the following confidentiality notice or its equivalent:

"TO BE FILED UNDER SEAL

THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED"

1    If confidential documents or portions thereof are cited in or appended to the parties' pleadings and a motion for a sealing order has been granted, the pleadings shall be filed with the clerk under the procedures designated for sealed documents under the rules of court. The pleadings will be prominently marked with the caption of the case and the foregoing Confidentiality Notice or its equivalent. Insofar as reasonably feasible, only confidential portions of the filings shall be under seal; the parties shall tailor their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal. When a pleading or document contains only a limited amount of privileged content, a party may file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out the limited matter comprising the confidential portions. ~~This Court will follow a procedure similar or equivalent when issuing or filing opinions, findings and recommendations, orders, or other documents in this case.~~

This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, this Order does not entitle the parties to file confidential information under seal. Rather, Local Rule 141 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal. Any request to file documents under seal shall comply with that rule and shall satisfy existing caselaw as to the applicable standards for sealing documents.

Disclosures of confidential materials in these habeas proceedings, and/or any related testimony at a deposition or evidentiary hearing in this case, do not constitute a waiver of Petitioner's rights under the Fifth and Sixth Amendments or under attorney-client or work product privileges in event of any retrial. *See Lambright*, 698 F.3d at 818; *see also People v. Ledesma*, 39 Cal.4th 641, 695 (2006) (state law in accord).

This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order

upon entry of final judgment in this matter. This Court shall maintain continuing jurisdiction over this matter for the purpose of enforcing the provisions of this order and imposing appropriate sanctions for any violation.

IT IS SO ORDERED.

Dated: October 2, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE